DeSEIFE, Plaintiff-Appellee, v. FREEDOM-VALVOLINE OIL COMPANY, Defendant-Appellant.

Ohio Appeals, Seventh District, Belmont County.

No. 862.   Decided December 9, 1950.

Waddell & Furbee, St. Clairsville, for plaintiff-appellee.
Thornburg & Lewis, St. Clairsville, for defendant-appellant.

## OPINION

By PHILLIPS, PJ.

In this opinion the parties will be referred to as they stood in the court of common pleas.

In his opinion written in support of his finding made for plaintiff in the case we review, to which opinion the parties are respectfully referred, the trial judge set forth the facts sufficiently fully to understand the questions presented to us for our consideration and determination by defendant's appeal on questions of law. We quote the facts from his opinion as follows:—

"On July 5, 1946, in case numbered 10,836, this Court ordered, adjudged, and decreed the premises described in plaintiff's petition duly forfeited to the State of Ohio for the non-payment of taxes duly assessed against the same; that in pursuance of said order, the Auditor of this County, after due proceedings in accordance with law, offered said premises for sale at public auction at the Court House of this County; that at said time and place the plaintiff offered the highest bid for said real estate, and the County Auditor then and there sold the same to him, executing and delivering to plaintiff a certificate of sale therefor; thereafter on February 4, 1948, the County Auditor duly executed and delivered to plaintiff an auditor's deed for said premises, which deed was filed for record with the Recorder of this County and duly recorded on February 16, 1948, in volume 375, at page 289 of the Records of Deeds; that the defendant filed no objection to said proceedings of forfeiture and sale and did not and has not at anytime attacked the legality of said proceedings; that on September 24, 1947, the defendant in case numbered 11,744, against parties other than the plaintiff, sought foreclosure

of a mortgage on said real estate; that on April 12, 1948, the plaintiff herein was made a party defendant, but no further pleading was filed by the defendant in said action and no claim is made therein against the said Joe DeSeife, he simply being made a party defendant, and advised by summons that the plaintiff seeks equitable relief; that the defendant did not appear in said action by answer, demurrer or other pleading; neither was the county auditor or treasurer made parties defendant; that on September 2, 1948, a finding was made in said action numbered 11,744, foreclosing the defendant's mortgage against the defendants and rendering personal judgment against certain of said defendants for money, further finding that plaintiff, Joe DeSeife, was in default for answer, barring him from setting up any further claim and quieting the title of this defendant against any claim of plaintiff as to said real estate; that neither error nor appeal was prosecuted from said finding and that no action has ever been filed by the defendant herein or other person in an attempt to set aside the sale under the forfeiture provisions of the Statute; that thereafter on the fifteenth day of November, 1948, pursuant to said order of foreclosure and sale in case numbered 11,744, the sheriff offered said premises for sale at public auction; that said Joe DeSeife was present at said sale and bid upon said premises, and the defendant, Freedom-Valvoline Oil Company, was present and made the highest bid and was declared thereby the purchaser thereof, which sale was, on December 10, 1948, duly confirmed and a deed made to the defendant by the sheriff. Previous to this time, on or about the month of May, 1948, the defendant, Freedom Valvoline Oil Company, offered to said Joe DeSeife the sum of $15.00 for said premises as and for reimbursement for the amount paid by him at said tax sale, which was refused.

"The files and records of this Court in said case numbered 10,836 being the forfeited land sale proceedings, and the file and record of this court in case numbered 11,744, being the foreclosure proceedings, was offered and admitted in evidence as mutual exhibits of the parties and said auditor's deed to Joe DeSeife for said premises was offered and admitted as plaintiff's exhibit, together with the record of the deed from the sheriff to the defendant."

The questions presented to us by defendant's assignments of error are whether the finding and judgment of the trial court that plaintiff is the legal owner of the real estate in question "was sustained by sufficient evidence," and was in accordance with "law and the facts governing" his deci-

sion; and whether "the judgment and order of the court should have been for the appellant and against the appellee"; and finally whether, as defendant contends, plaintiff was estopped to contest defendant's title.

Sec. 5762 GC, as amended in 1943, extinguished all previous title to the forfeited lands by the sale thereof and invested plaintiff with a new and perfect title thereto, free from all liens and incumbrances, save and except certain taxes and pre-existing equitable servitudes. See **Gwynne v. Niswanger, 20 Ohio 556; Jones v. Devore, 8 Oh St 430; Kahle v. Nisley, 74 Oh St 328.**

Sec. 5766 GC, provides that from the date of his purchase plaintiff, the purchaser of the forfeited lands in question, shall be deemed to be the assignee of the State of Ohio. Reading this section, as it must be read in connection with 5744 GC, and the court decisions on the subject matter thereof, the conclusion is inescapable that the legislature and the courts have said that the forfeited sale of the land in question created a new and perfect title in plaintiff, free from all liens and incumbrances. See **Check v. Schultz, 132 Oh St 353.** That case holds that a buyer's title is absolute if the proceedings under which the sale was made was complied with legally (as they were in the case we review, and which have not been attacked), and no constitutional rights of the owner were abridged.

There is ample authority for the statement that a forfeited sale destroys a mortgage. See **Beach v. Thrift Investment Company, 20 O. O. 12; Collister v. Kovanda, 51 Oh Ap 43; Dubin v. Greenwood, 139 Oh St 546.**

These cases support the legislative fiat contained in §5672 GC, and read in connection therewith are conclusive as to the issues presented in the case we review. See **State ex rel Squire, Supt. of Banks v. Knapp, et al, 53 Abs 457; Security Trust Co. v. Root, 72 Oh St 535.**

In his opinion the trial judge said:—

"It is further apparent that the Judge or Judges who approved the various entries were not fully informed as to the situation.

"* * * the court is of the opinion that the plaintiff has not been estopped by reason of his own ignorance, even though he paid no attention to the summons served upon him, there being no claim made in the pleadings that he had or claimed any interest in the real estate, there would seem to be nothing for him to answer. So far as this property is concerned, the mortgage was dead, and the court sees no reason why the plaintiff herein should be compelled to attend its funeral.

"Holding as we do, and despite the foreclosure proceedings

of a dead mortgage, which could not be foreclosed because dead, the defendant acquired no right, title or interest in this real estate, and accordingly the plaintiff's title is quieted, as prayed for in the petition."

It is claimed by defendant that the foreclosure proceeding, which was brought within one year from the date of the tax deed, is such an objection to the validity thereof as prevented such deed from constituting an absolute title thereto; and that the decree in foreclosure invalidated such deed because plaintiff did not attempt to set up or protect his title.

The mortgage foreclosure proceeding was not an action testing the validity of the tax title for irregularity, informality, or omission in the tax foreclosure or forfeiture proceedings. See §5762 GC. No allegation was made in the mortgage foreclosure action challenging the validity of plaintiff's tax title, and therefore he had nothing to answer.

For the reasons stated supra we find no error in the finding of the trial judge in any of the respects urged by defendant.

The judgment of the court of common pleas is affirmed.

NICHOLS, J, GRIFFITH, J, concur in judgment.